UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH ANSELMO, ET AL.                         CIVIL ACTION

VERSUS

UNITED STATES OF AMERICA                   NO.: 17-00043-BAJ-RLB

## RULING AND ORDER

The Court issued an **Order to Show Cause (Doc. 23)** as to why the Court should not disqualify Robert C. Barrett, Jr., as serving as counsel of record for the Plaintiffs on September 26, 2017. For the following reasons, Robert C. Barrett, Jr. is disqualified as counsel of record for the Plaintiffs.

I. **BACKGROUND**

On January 1, 2017, Plaintiffs Joseph Anselmo and Delzorah Anselmo filed a Complaint alleging that they overpaid income taxes for the 2007 tax year by at least $25,405.00. (Doc. 1 at ¶ 16). Plaintiffs allege that they timely filed their 2007 taxes on October 15, 2008 after filing an application for extension of time on April 15, 2008. *Id.* at ¶ 5-6. On June 16, 2017, the United States filed a Motion to Dismiss, in which it argues that the Court lacks subject matter jurisdiction because Plaintiffs did not file a proper refund claim. (Doc. 7-2 at p. 3). The United States' main argument is that because the 2007 tax return was not signed, it is not valid, and the Court therefore does not have subject matter jurisdiction. *Id.*

1

Mr. Barrett served as Plaintiffs tax preparer, and he is also counsel of record in this case. In support of Plaintiffs' opposition to the United States' Motion to Dismiss, Mr. Barrett attached an affidavit, in which he attests that he "met with [Plaintiffs] on or before October 15, 2008 to sign their 2007 Form 1040 income tax return which I had prepared. That on or before October 15, 2008 I mailed Joseph and Delzorah Anselmo's 2007 federal income tax return[.]" (Doc. 18-1). The Court then entered an order to show cause as to why Mr. Barrett should not be disqualified as counsel of record. (Doc. 23). The Court permitted the parties to file simultaneous briefs on this issue of disqualification. *Id.* The United States filed a brief in support of disqualification. (Doc. 24). Plaintiffs did not file a brief.

The Court then held a hearing on October 17, 2017, to give the parties an opportunity to address the Show Cause Order. (Doc. 25). Mr. Barrett, among other things, informed the Court that he would discuss the issue of his withdrawal with his clients. *Id.* Then, on November 11, 2017, the Court held a status conference, in which Mr. Barrett informed the Court that Plaintiffs were in the process of obtaining new counsel. (Doc. 26). The Court ordered Mr. Barrett to file a motion to substitute counsel by November 22, 2017. *Id.* On November 27, 2017, Plaintiffs filed a motion for extension of time to file a motion to substitute counsel. (Doc. 27). The Court then ordered any motion to substitute to be filed no later than December 13, 2017. (Doc. 29). To date, however, no such motion has been filed.

## II. DISCUSSION

The United States Court of Appeals for the Fifth Circuit has held that "disqualification cases are governed by state and national ethical standards adopted by the Court." *FDIC v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311–12 (5th Cir.1995) (*In re Am. Airlines, Inc.*, 972 F.2d 605, 605 (5th Cir. 1992)). This includes state rules of conduct.

Louisiana Rule of Professional Conduct 3.7 provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

It is likely that Mr. Barrett will be a necessary witness if a trial occurs because he served as Plaintiff's tax preparer for the very tax return at issue, and a central contested issue in this case is whether the 2007 tax return was signed. Indeed, the United States indicated that it intends to depose Mr. Barrett. (Doc. 25). Additionally, at an October 17, 2017, hearing Mr. Barrett also represented that a hardship would not exist if he were disqualified because Plaintiffs can afford to hire another attorney. *Id.*

3

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Robert C. Barrett, Jr., is **DISQUALIFED** from serving as counsel for the Plaintiffs.

Baton Rouge, Louisiana, this 22nd day of December, 2017.

								_____
								**BRIAN A. JACKSON, CHIEF JUDGE**
								**UNITED STATES DISTRICT COURT**
								**MIDDLE DISTRICT OF LOUISIANA**